ANDRÉS AYBAR MUÑOZ ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1006. Argued February 1, 1935.—Decided February 28, 1935.

Petitioners appeared in their own right. *Juan B. Soto, Juan F. Soto,* and *M. R. de la Vega* for interveners.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Andrés and Luciana Aybar began an action against Natalia Vara Smith in 1927 to annul a declaration of heirship. Upon filing their complaint, the plaintiffs obtained

leave to sue *in forma pauperis,* in accordance with section 7 of Act No. 17, approved on March 11, 1915 (Session Laws, p. 45). Judgment was rendered against them and they appealed to this court, electing to perfect their appeal by means of a transcript of the evidence. They requested that the stenographer be directed to prepare it and the district court made an order accordingly. After several extensions of time for filing such transcript, the plaintiffs filed a motion requesting that the stenographer be granted a peremptory term to prepare and file the same.

In opposition to this motion the stenographer alleged that the leave to sue *in forma pauperis* granted to the plaintiffs did not cover proceedings on appeal, and that, even if it did cover such proceedings, the obligation to transcribe the evidence should be confined to his notes, without including the documentary evidence, which in this case would fill about 500 typewritten pages, while the stenographic notes would only produce about 25 pages.

The lower court decided that the leave to sue *in forma pauperis* included the services of the stenographer after the appeal was taken, but it believed that the stenographer could limit himself to transcribing the stenographic notes and so ordered it, leaving the plaintiffs in charge of the preparation of the transcript of the documentary evidence at their own expense. The plaintiffs appealed from the decision of the court and while this appeal was pending in the Supreme Court, they requested and obtained several extensions of time for the purpose of protecting and maintaining in force their right to appeal from the judgment rendered on the merits of the case. On November 17, 1933, this court refused to dismiss said appeal because it considered that it was not in a position to decide the question of frivolousness raised by the appellee, without knowing the evidence presented. On December 5, 1934, this court refused to dismiss as being frivolous the appeal taken from the decision ordering the stenographer to transcribe the stenographic notes without

including the documentary evidence. On December 27, 1934, the plaintiffs requested a new extension and the appellee having objected to it, the lower court entered the following order:

"Upon hearing the motion of the plaintiffs for a new extension for filing the transcript of the evidence, and the motion of the defendant objecting to the granting of further extensions for such purpose, the plaintiffs are granted a final extension of thirty days in order that the stenographer, Mr. Oscar A. Gandía, may, in accordance with the order of this court of October 10, 1933, prepare and file the transcript of the stenographic notes of the trial of this case."

The plaintiffs moved for a reconsideration of the foregoing order, contending that a final extension was being granted in accordance with the order of October 10, 1933, and that such a provision was improper because an appeal had been taken from said order. They requested that the word "final" be stricken out. The motion for reconsideration was heard on January 21, 1935, after the stenographer had filed the transcript of the stenographic notes, and was denied. In passing upon this motion the lower court said:

"The court will subsequently set a date for the approval of the transcript of the evidence, taking into account that the transcript of the documentary evidence is lacking, which work should be done by the plaintiffs, in accordance with the decision of Judge de Jesús of October 10, 1933, from which an appeal was taken on the 19th of the same month and year."

The reconsideration sought having been denied, the petitioners brought the present certiorari proceeding. We do not question the discretionary power of the lower court to grant extensions, but we think that in this case the court a quo has exceeded its authority. The fact that a final extension was granted while an appeal was pending from an order which, if reversed, would impose on the stenographer and not on the appellants the duty of transcribing the documentary evidence, in itself shows a clear abuse of discretion. But

the court *a quo* goes still further, inasmuch as it grants this extension in accordance with an order from which an appeal has been taken and which contains a pronouncement which was necessarily suspended when the appeal was taken. Nevertheless, the lower court insists upon imposing on the plaintiffs the duty of preparing the transcript of the documentary evidence, in spite of the appeal taken from the said order. The terms in which the order under review is drawn clearly show that the lower court did not have jurisdiction to enter it.

We are of the opinion that the said order must be set aside.